FULMER, Judge.
Edward F. Midgett, a certified general contractor, challenges a final order that revoked his license and registration, imposed an administrative fine, and ordered restitution in a disciplinary action brought by the Construction Industry Licensing Board of the Florida Department of Business and Professional Regulation. Because the Board erred in setting the fine, we reverse and remand for reconsidera *356 tion. In all other respects we affirm the Board’s order.
The Department initiated this action in November 2002 by filing an administrative complaint against Midgett alleging that in February 2001 Midgett, doing business as Midgett Development, Inc., entered into a contract agreeing to build a home for a woman in Cape Coral, Florida, and was paid the full contract price of $70,000. The five-count complaint alleged that Mid-gett violated sections 489.129(l)(g)(2), (l)(j), (l)(m), and (l)(i), Florida Statutes (2001), in that he: (1) committed mismanagement or misconduct in the practice of contracting that caused financial harm to a customer, (2) abandoned the construction project, (3) committed incompetency or misconduct in the practice of contracting, (4) failed to include in the agreement or contract a written statement explaining the consumer’s rights under the Construction Industry Recovery Fund as required by section 489.1425, and (5) failed to apply for a certificate of authority before engaging in contracting as a business organization, through a qualifying agent and under the fictitious name, if any, as required by section 489.119(2). Prior to the hearing, the Department filed a Proposed Prehear-ing Stipulation in which the Department stated that upon further review of the contract, the Department had determined that the contract did include a statement notifying the home buyer of the Construction Industry Recovery Fund. The Department, therefore, withdrew Count TV of the complaint.
An administrative hearing was held on August 26, 2003, after which the Department submitted a proposed recommended order in which it reiterated the withdrawal of Count IV and also withdrew Count V “due to [the Department’s] inability to meet the clear and convincing burden of proof.” On October 28, 2003, the administrative law judge (ALJ) issued an order recommending that the Board enter a final order finding Midgett guilty of the violations. The ALJ’s order erroneously includes a finding that Midgett violated Count IV, which had previously been withdrawn. The order also recommends that the Department revoke Midgett’s license and registration, impose an administrative fine of $5000, and order full restitution and payment of investigative costs. The order states that “a single administrative fine of $5000 is appropriate because all of the violations arose from the same act or omission.”
The Board considered the recommended order in February 2004. Midgett did not appear at the meeting and filed no objections to the ALJ’s recommended order. The Board adopted the recommended order in all respects except for the ALJ’s conclusion regarding the fine, which was rejected. The Board determined that Florida Administrative Code Rule 61G4-17.005 requires that “fines in this one case be applied cumulatively.”[1] Thus, in its final order the Board listed the violations and the potential fine for each and stated that the minimum fine that could be imposed in this case was $8500 and the maximum was $16,000. It then concluded that “[t]he aggravating and mitigating factors, as outlined in the Recommended order, support a fine of $12,000.”
On appeal, the Department concedes that the Board erred by including in its order the Count IV violation that the Department had previously withdrawn from the complaint. However, the Department *357 suggests that the error is harmless and proposes alternative bases upon which this court should affirm. We are unable to conclude that the error is harmless because the order is unclear as to how the Board selected the amount of $12,000 from the available range of fines and, thus, we are unable to determine what the fine would likely have been if the erroneously included violation had been omitted from the list. Therefore, we reverse, in part, for the Board to strike from its order the erroneous finding as to the violation alleged in Count IV and to reconsider the fine amount.
We reject all other issues raised by Mid-gett on appeal.
Affirmed in part, reversed in part, and remanded with directions.
WALLACE and LaROSE, JJ., Concur.

. Rule 61G4-17.005 states: “Where several of the above violations shall occur in one or several cases being considered together, the penalties shall normally be cumulative and consecutive.”